IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ROGER LEE BAKER, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:11-CV-80-CDL-MSH |
| | : | 28 U.S.C. § 2254 |
| Warden BARRY GOODRICH, | : | |
| | : | |
| Respondent. | : | |

## ORDER

Presently pending before the Court are Petitioner's Motion to Receive Press Coverage in the Above Styled Case (ECF No. 13), Motion Requesting Funds to Have FBI Gun Expert at Proceeding(s) (ECF No. 16), and his third Motion to Subpoena (ECF No. 17).  For the reasons discussed below, Plaintiff's motions are denied.

## DISCUSSION

**I.      Motion to Receive Press Coverage**

Petitioner moves this Court to "grant press coverage in concerns of the GBI destroying key pieces of state evidence."  (Mot. to Receive Press Coverage 1.)  More specifically, Petitioner requests that this Court have a "reporter from WSB TV 2" present at any potential hearing.  (*Id.* at 2.)  The Court cannot and will not require a member of the press to be present at a specific hearing.  However, Petitioner's case is not sealed or otherwise restricted.  A member of the press who wishes to appear at a public hearing can do so.  This motion is denied.

## II.     Motion Requesting Funds to Have FBI Gun Expert at Proceeding(s) and Motion to Subpoena

In his second motion, Petitioner seeks funds to hire a "FBI Gun-expert for expert testimony concerning wounds that are left by a .45 caliber hollow point bullet." (Mot. Req. Funds 1.)  Petitioner also requests that this Court issue a subpoena to such gun expert.  (*Id.*)  Petitioner requests in his third motion that the Court order "the Talbot county Courts and the Georgia Bureau Investigators (sic) to turn over all physical evidence to the U.S. Courts" to prove Petitioner's allegation of a conspiracy against him.  Petitioner's second and third motions are likewise denied.

Through these requests, Petitioner is attempting to conduct discovery.  Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a judge, "for good cause," to allow discovery to proceed in § 2254 cases.  A party requesting such discovery "must provide reasons for the request[,]" and such request "must also include any proposed interrogatories and requests for admission, and must specify any requested documents."  Rules Governing Section 2254 Cases in the United States District Courts Rule 6(b).  The Court finds no good cause at this time to allow Petitioner to conduct discovery,[1] and consequently his motions are denied.

The Court notes that Petitioner has moved twice before to subpoena witnesses, specifically a gun expert.  (*See* Mot. to Subpoena, ECF No. 8; Req. to Subpoena, ECF No. 10.)  Both prior motions were denied as premature since Petitioner has not been given leave of court to conduct discovery in this case.  (Order, July 11, 2011, ECF No. 9;

---

[1]  Respondent has not even had an opportunity to respond to Petitioner's application for habeas relief.  Such response is not due until mid-October.

Text Only Order, July 18, 2011.)  The Court will not continue to entertain motions requesting the same relief that has already been denied.  If Petitioner wishes to conduct discovery in this case, Petitioner should allow Respondent to file a response to his petition for habeas relief *then* seek leave to conduct discovery in compliance with Rules 6(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts.

## CONCLUSION

For the reasons discussed above, Petitioner's Motion to Receive Press Coverage in the Above Styled Case (ECF No. 13), Motion Requesting Funds to Have FBI Gun Expert at Proceeding(s) (ECF No. 16), and his third Motion to Subpoena (ECF No. 17) are DENIED.

SO ORDERED, this 20th day of September, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE