IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ROGER LEE BAKER, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:11-CV-80-CDL-MSH |
| | : | 28 U.S.C. § 2254 |
| Warden BARRY GOODRICH, | : | |
| BRIAN OWENS, | : | |
| | : | |
| Respondents. | : | |

_____

## REPORT AND RECOMMENDATION

Presently pending before the Court is Respondent's Motion to Dismiss Plaintiff's petition for habeas relief as untimely. (ECF No. 20.) Petitioner was notified of the filing of Respondent's Motion to Dismiss on October 17, 2011, (ECF No. 22) and filed a response to the motion on October 27, 2011. (ECF No. 26.) For the reasons described below, Respondent's motion should be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as untimely.

## BACKGROUND

On April 10, 2008, in the Superior Court of Talbot County, Petitioner Roger Baker was found guilty of murder, aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. (Pet. for Writ of Habeas Corpus 3-4, ECF No. 1.) Petitioner was sentenced to life plus twenty years. (Pet. for Writ of Habeas Corpus 4.) Petitioner appealed his conviction and sentence to the Georgia Supreme Court. (*Id.* at 4.) The Georgia Supreme Court affirmed his

conviction on October 27, 2008. *Baker v. State*, 284 Ga. 537, 540, 668 S.E.2d 716 (2008).

On March 22, 2010, Petitioner moved for state habeas relief in the Wheeler County Superior Court. (Resp't's Ex. 2 at 7, ECF No. 23-2.) The state court denied Petitioner's request for habeas relief on November 24, 2010. (Resp't's Ex. 3, ECF No. 23-3.) Petitioner did not attempt to appeal the denial of his application for state habeas relief. (Pet. for Writ of Habeas Corpus 5.) This petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed by Petitioner on June 20, 2011. (Pet. for Writ of Habeas Corpus 9.)

## DISCUSSION

### I. The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> . . .

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

## II.  Petitioner's Application is outside the AEDPA one-year limitations period.

Here, the limitations period has expired and Petitioner's petition is untimely. Petitioner was convicted and sentenced on April 10, 2008. (Pet. for Writ of Habeas Corpus 4.) Petitioner filed an appeal. On October 27, 2008, the Supreme Court of Georgia affirmed his conviction and sentence. *Baker v. State*, 284 Ga. 537, 540, 668 S.E.2d 716 (2008). Petitioner thereafter had 90 days within which to file a petition for certiorari to the United States Supreme Court. Sup. Ct. R. 13. Since Petitioner did not file a petition for certiorari, his judgment became final on January 26, 2009. *See* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of determining the AEDPA limitations period, the judgment is final on the date of "the conclusion of direct review or the expiration of the time for seeking such review"). Consequently, Petitioner's one-year AEDPA limitations period began to run on January 26, 2009, and expired on January 26,

3

2010.

Petitioner's state habeas corpus petition was not filed until March 22, 2010. (Resp't's Ex. 2 at 7.)  The state petition was filed approximately two months after the expiration of the AEDPA statute of limitations, and does not toll the statute of limitations for the federal habeas petition.  *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled").  Petitioner's federal application for habeas relief, filed June 20, 2011, over a year after the expiration of the limitations period fails to invoke the jurisdiction of this Court.  Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss should be granted.

**III.   Certificate of Appealability**

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner

cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons described above, Respondent's Motion to Dismiss should be granted and Petitioner's action should be dismissed as untimely.  Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 2nd day of November, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE