IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ROGER LEE BAKER, JR., | : |
| Petitioner, | : |
| v. | : CASE NO. 4:11-CV-80-CDL-MSH |
| | : 28 U.S.C. § 2254 |
| Warden BARRY GOODRICH, | : |
| BRIAN OWENS, | : |
| Respondents. | : |

## **O R D E R**

Presently pending before the Court are several motions by Petitioner. Petitioner moves for "Leave to Proceed with Defense Evidence that Supports an Immediate Reversal" (ECF No. 24), moves to "Question the U.S. District Court in Concerns of Key Pieces of Evidence" (ECF No. 24), and moves to strike Respondent's motion to dismiss (ECF No. 28). Each of these motions is denied as explained below.

Petitioner seeks "an immediate reversal of case number[] 07-CR-023, 'State vs. Baker', in the interest of judicial economy" through his motion for leave to proceed with defense evidence that supports an immediate reversal. (Mot. for Leave 1.) Petitioner also seeks his "immediate release" through this motion. (*Id.* at 3.) The relief Petitioner seeks in this motion is duplicative of the relief sought in his petition for habeas relief. Consequently, to the extent this is a motion separate from his request for habeas relief, this motion is denied.

Petitioner next moves to question the Court "in concerns of key pieces of

evidence." Specifically, Petitioner asks the Court to "defend him by going on official record in his defense" and to "represent him in defense against the conspiracy [in his case]." (Mot. to Question 1.) The Court is not an advocate for either side in any dispute. While *pro se* litigants are entitled to more leniency from the Court than represented parties, the Court cannot step in and defend or represent a *pro se* litigant. Petitioner's motion to question the Court is therefore denied.

Finally, Petitioner moves to strike Respondents' motion to dismiss. This motion is hidden at the back of his response to Respondents' motion to dismiss. (*See* Pet'r's Resp. to Resp'ts' Mot. to Dismiss 5-6.) Although unclear from the motion, Petitioner seems to contend that the motion to dismiss should be stricken from the record because the motion "contains an insufficient defense" because the statute of limitations defense has been waived by Respondents and that the motion to dismiss is untimely. (Pet'r's Resp. to Resp'ts' Mot. to Dismiss 5.) Respondents' motion to dismiss was timely filed as required by the Order for Service (ECF No. 14) issued by this Court on August 18, 2011.

Furthermore, Petitioner's assertion that the statute of limitations defense was waived by Respondents is incorrect. Respondents asserted this defense in their Answer (ECF No. 19) and, in compliance with the Order for Service, in a separate motion. Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts explains that an Answer to a petition for habeas corpus "must state whether any claim in the petition is barred by . . . a statute of limitations." As Respondents have complied with the Rule 5 and this Court's previous Order, there is no validity to Petitioner's assertion that this defense has been waived. Petitioner's motion to strike is denied.

## CONCLUSION

For the reasons described above, Petitioner's motions for "Leave to Proceed with Defense Evidence that Supports an Immediate Reversal" (ECF No. 24), to "Question the U.S. District Court in Concerns of Key Pieces of Evidence" (ECF No. 24), and to strike Respondent's motion to dismiss (ECF No. 28) are denied.

SO ORDERED, this 17th day of November, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE